IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRANKIE GALINDEZ,       )
                         )
        Plaintiff,       )
                         )
      v.            ) Civ. Action No. 15-1084-GMS
                         )
CONNECTIONS MEDICAL SERVICES )
and MAUREEN GAY-JOHNSON,    )
                         )
        Defendants.     )

**MEMORANDUM**

The plaintiff, Frankie Galindez ("Galindez"), an inmate at the James T. Vaughn

Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C.

§ 1983.[1] (D.I. 3.) He also requests counsel. (D.I. 2.) Galindez appears *pro se* and was granted

permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court

proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1).

## I.   BACKGROUND

Galindez alleges that he has a mouth and tongue condition that has been negligently

treated by the defendant Dr. Maureen Gay-Johnson ("Dr. Gay-Johnson"). Galindez alleges that

after he suffered an allergic reaction to medication provided for treatment, Dr. Gay-Johnson

refused to treat his pain. He further alleges that Dr. Gay-Johnson ordered medications that did

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

not work and refused to examine his tongue.  At some point in time, Dr. Gay-Johnson told

Galindez that nothing was wrong with him and told Galindez she had no time to listen to him.

Galindez seeks compensatory and punitive damages and injunctive relief in the form of

medical care.

## II.    STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions).  The court must accept all factual allegations in a complaint as true

and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because

Galindez proceeds *pro se*, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Galindez leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir.

3

2016) (internal citations and quotations omitted).  Elements are sufficiently alleged when the

facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679

(quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.*

## III.   DISCUSSION

The complaint alleges that Dr. Gay-Johnson was both negligent in the medical treatment

provided Galindez and that she was deliberately indifferent to his medical needs.  The Eighth

Amendment proscription against cruel and unusual punishment requires that prison officials

provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976).  In

order to set forth a cognizable claim, an inmate must allege a serious medical need and acts or

omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S.

at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately

indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take

reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison

official may manifest deliberate indifference by "intentionally denying or delaying access to

medical care." *Estelle*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so

long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir.

2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)).  Moreover,

allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White

v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v.*

4

*Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

To the extent Galindez raises a state medical negligence, it must be dismissed due to Galindez's failure to comply with Delaware law on pleading such claims. *See Smith v. Bolava*, __ F. App'x __, 2015 WL 8536716, at *3 (3d Cir. 2015) (unpublished). In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *See Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 8 Del. C. § 6853. Because Galindez alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness, but he failed to do so. *See* 18 Del. C. § 6853(a)(1). Therefore, the court will dismiss the medical negligence claim.

Galindez also names Connections Medical Services as a defendant. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). To establish

that CMS is directly liable for the alleged constitutional violations, Galindez "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [the plaintiff] allege[s]. *Natale*, 318 F.3d at 584. The complaint does not refer to any policy or custom of CMS and does not set forth any constitutional violations allegedly committed by it.

Accordingly, the court will dismiss the state medical negligence claim as frivolous and the claim raised against CMS for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). However, since it appears plausible that Galindez may be able to articulate a claim against CMS, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV.    REQUEST FOR COUNSEL

Galindez proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Galindez requests counsel on the grounds that he needs a Spanish interpreter to assist him, he is unskilled in the law, the issues are complex, and the issues presented are beyond his ability to pursue an effective investigation. (D.I. 2.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit

in fact and law. *Tabron*, 6 F.3d at 155.

     After passing this threshold inquiry, the court should consider a number of factors when

assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (1997); *Montgomery v.*

*Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

     Assuming, solely for the purpose of deciding this motion, that Galindez's claims have

merit in fact and law, several of the *Tabron* factors militate against granting his request for

counsel. While Galindez indicates a need for a Spanish interpreter, to date, his filings indicate

that he possesses the ability to adequately pursue his claims. In addition, the issues are not

complex. Upon consideration of the record, the court is not persuaded that representation by an

attorney is warranted at this time. The court can address the issue at a later date should counsel

become necessary. Therefore, the court will deny the request for counsel without prejudice to

renew.

## V.    CONCLUSION

     For the above reasons, the court will dismiss the medical negligence claims and all claims

against CMS as legally frivolous and for failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Galindez will be given leave

to amend his claims against CMS.  Should Galindez fail to file an amended complaint, the case

will proceed on the 42 U.S.C. § 1983 claim raised against Dr. Gay-Johnson.  Galindez's request

for counsel will be denied without prejudice to renew.  (D.I. 2.)

       An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____Feb 24_____, 2016
Wilmington, Delaware

8